The opinion of the court was delivered by
Egan, J.
The defendant was charged as follows :
The State of Louisiana, First Judicial District, Parish of Orleans, ss. Superior Criminal Court for the Parish of Orleans :
John J. Finney,’ District Attorney, of the First Judicial District of the State of Louisiana, who, in the name and by the authority of the said State, prosecutes in this behalf, in proper person comes into the Superior Criminal Court for the parish of Orleans, in the parish of Orleans, and gives the said court here to understand and be informed that one S. W. Ourtis, late of the parish of Orleans, on the twenty-seventh day of September, in the year of our Lord one thousand eight hundred and seventy-six, with force and arms, in-the parish of -Orleans, aforesaid, and within the jurisdiction of the Superior Criminal Court for the parish of Orleans, did in the night time, and with intent to steal, break and enter the store of. M. Andrieu & Co., contrary to the form of the statute of the State of Louisiana in such case made and provided, and against the peace and dignity of the same.
John J. Finney,

District Attorney of the First Judicial District.

Upon this information he was tried and convicted, and after an ineffectual motion for new trial, was sentenced to ten years hard labor in the State Penitentiary. Our attention has been called to the action of the court in annulling the motion for new trial, of which it is only necessary to say that we can not consider the question as to the sufficiency or insufficiency of the evidence to convict, were it before us, as it is not; and that the precise nature of the newly discovered evidence, or the source from which to be derived, is not disclosed in the motion, which is, therefore, defective, and need not be considered. A’ motion in arrest of judgment was filed in the court a qua, the grounds of which are assigned as error in this court. They are: “That the information does not *815 charge that said defendant, on the twenty-seventh day of September, 1876, did feloniously enter,” etc. “Nor that the said defendant, on the same day and date, did then and there, with felonious intent to steal, break and enter the store aforesaid.” ' “ Nor that the said defendant, with burglarious intent, did then and there break and enter the said store.” It will be seen from the information already read that it is liable to the objections taken in point of fact. We have, therefore, only to consider whether it is therefore defective in point of law. If the information were at common law it would be clearly bad, and so, also, if the statute referred to a common-law offense. See State vs. Thomas, 29 A. 601, and authorities there cited. It has been very properly held in this State, under the statute against breaking and entering with intent to commit a crime, that the indictment would be bad if it only charged the intent to commit a misdemeanor. . The general rule unquestionably is that, where the offense was not one at common law, it is in general good to charge substantially in the language of the statute. That under which this information was filed reads as follows: “ Whoever, with intent to kill, rob, steal, commit a rape, or any other crime, shall in the night time break and enter into any shop, store, courthouse, church, barn, rice or sugar house, cotton house/plantation, or any vessel, err having with such felonious intent entered, shall in the night time break any such house, building, or vessel, and every person present aiding, assisting, or consenting to such burglary, or accessory thereto before the fact, by counseling, hiring, or procuring such burglary to be committed, on conviction shall suffer imprisonment at hard labor, not exceeding ten years.” R. S 1870, section 852. The use of the words, “ with such felonious intent,” and the words “ such burglary,” in the statute can not be without mean- ' ing, and we think necessarily refer to and characterize both clauses of the statute, and indicate the legislative intent that though the breaking and entering charged be not of a dwelling-house, it was and is intended to be classed and considered and charged as “ burglary,” under our law. The statute of 1855, which has been reproduced in substance, and almost in language, has been often held as not intended to make a radical change in the system of criminal pleadings, but to simplify it, and correct some supposed deficiencies, and not to dispense with the substantial averments of a bill of indictment at common law, of which the absence of the word “feloniously,” or “ burglariously,” or with “ burglarious intent,” would be fatal to an indictment; so we think the absence of those essential averments in an information for what is termed and considered by our law “ burglary,” is equally bad; while the statute under which this information was filed would seem to enlarge the definition of burglary at common law so as to embrace another class of cases, neither that nor any other statute has changed “ the mode, of prosecution,” the *816 substantial requisites to a good indictment or information for that crime, however defined, which are, therefore, the same as at common law; and we think, under the terms of the statute in question, that if the term “ burglary ” had been altogether omitted from it, the use of the word “feloniously ” in the information under it is essential. See, again, State vs. Thomas, 29 A. Wharton’s Am. Crim. Law, sections 1607, 1612, and 1613; see, also, same, section 272; 8 R. 590; 10 A. 195; same, 698; and State vs. Stiles, 5 A. 324.
It is therefore ordered, adjudged, and decreed that the verdict and sentence appealed from be set aside, and the information quashed, as not good in law, and that the defendant remain in custody subject to the orders of the Superior Criminal Court of the parish of Orleans for further prosecution, according to law.